IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| G&G CLOSED-CIRCUIT EVENTS, LLC,  )<br>as Broadcast Licensee of the August 21,  )<br>2021 Manny Pacquiao v. Yordenis  )<br>Ugas Boxing Event,  )<br>  )<br>  Plaintiff,  )<br>  )<br>V.  )<br>  )<br>A CHICAGO BITE, LLC; and  )<br>ROSSHONDRA NICOLE IRVING,  )<br>Individually and d/b/a A Chicago Bite,  )<br>  )<br>  Defendants.  )  | CIVIL ACTION NO. SA-22-CA-1272-FB |

### **FINAL DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Final Default Judgment and Brief in Support filed March 6, 2024 (docket #12).  On September 12, 2023, Plaintiff filed Plaintiff's Request for Entry of Default (docket #8), and an Entry of Default was entered by the Clerk's Office on September 12, 2023 (docket #10).  The record also reflects the Defendant Rosshondra Nicole Irving, individually and d/b/a A Chicago Bite, was personally served with a copy of the summons and complaint at 5 p.m. on March 9, 2023 (docket # 6), and served with a copy of Plaintiff's Motion for Final Default Judgment and Brief in Support by certified mail, return receipt requested, on March 30, 2024 (docket #16).  To date, there has been no response filed to Plaintiff's Motion for Final Default Judgment, and Defendants have not otherwise made an appearance in this case.  Accordingly, the Court has considered the motion and the evidence and authorities presented and finds the motion has merit, is supported, and should be granted, and concludes as follows:

  1. that Plaintiff has established it is an aggrieved party under the Federal Communications Act, 47 U.S.C. § 605 and recognizes Plaintiff's election to seek statutory damages;

2. that the Court has jurisdiction over the subject matter and the parties to this action, and that the allegations in Plaintiff's Original Complaint are deemed admitted against Defendants;

3. that Defendants exhibited the closed circuit August 21, 2021, Manny Pacquiao v. Yordenis Ugas Boxing Event, including undercard or preliminary bouts, without authorization from Plaintiff; and

4. that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Final Default Judgment (docket #12) is GRANTED such that IT IS ORDERED, ADJUDGED, AND DECREED:

1. that Judgment by default is ENTERED in favor of Plaintiff and against Defendants, jointly and severally;

2. that Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00;

3. that Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00;

4. that Plaintiff recover attorneys' fees from Defendants, jointly and severally, in the amount of $20,000.00, along with attorney's fees for post-trial and appellate services;

5. that Plaintiff recover the following conditional awards of attorney's fees from Defendants, jointly and severally, in the following circumstances:

   a. Ten Thousand Dollars ($10,000.00) in the event a Defendants file a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;

   b. Twenty-Five Thousand Dollars ($25,000.00) in the event a Defendants file an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

   c. Five Thousand Dollars ($5,000.00) in the event Defendants file a motion for rehearing or reconsideration in the Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

   d.  Twenty-Five Thousand Dollars ($25,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action;

   e.  Seventy-Five Thousand Dollars ($75,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action; and

   f.  For collection of the Judgment, Two Thousand Five Dollars ($2,500.00) each time Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment or other post-judgment writ;

6. that the Court awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of 5.12% from the date of this Judgment until paid;

7. that All writs and process for the enforcement and collection of this Judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment; and

8. that a final, appealable Judgment is hereby entered in this case and therefore, this case is DISMISSED, remaining motions pending with the Court, if any, are Dismissed as Moot, and this case is CLOSED.

It is so ORDERED.

SIGNED this 19th day of April, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE